UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **VERONICA BURGOS** <br> **Plaintiff,** <br><br> v. <br><br> **MIDLAND CREDIT MANAGEMENT, INC.** <br> **Defendant.** | ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Veronica Burgos, an individual consumer, against Defendant, Midland Credit Management, Inc. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

1

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) 28 U.S.C. 1331. Venue in this District is proper in that the Defendant transacts business in Melbourne, Florida, and the conduct complained of occurred in Melbourne, Florida.

## PARTIES

3. Plaintiff, Veronica Burgos (hereinafter "Plaintiff") is a natural person residing in Melbourne, Florida. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant is a California corporation.

5. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

## FACTS OF THE COMPLAINT

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

7. On or about December 10, 2024, Defendant emailed Plaintiff attempting to collect a consumer debt allegedly owed to Synchrony Bank for $1,228.38.

8. On or about December 11, 2024, Plaintiff replied to Defendant's email stating "I don't want to be contacted about this debt by your company."

9. On or about December 17, 2024, 2024, Defendant replied to Plaintiff's email stating, "*You have an obligation to resolve this……… if we don't hear from you or receive payment, we will review your account for further collection activities.*" which was a violation of 15 U.S.C. 1692c(c).

10. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of invasion of privacy, intrusion upon seclusion, anger, anxiety, decreased productivity at work, frustration, and other negative emotions.

### FIRST CLAIM FOR RELIEF
### (Defendant)
### 15 U.S.C. §1692c(c)

11. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

12. Defendant violated the FDCPA.

13. Defendant's violations include, but are not limited to the following:

    (a) Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA by communicating with Plaintiff after the Plaintiff notified Defendant in writing that Plaintiff refused to pay.

14. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**The Law Office of Cortney E. Walters, PLLC**
2719 Hollywood Blvd., A-1969
Hollywood, FL 33020
/s/ Cortney Walters, Esq.
CORTNEY WALTERS, Esq
Florida Bar no. 125159
Pleadings@cewlawoffice.com
(954) 874-8022
Lead Attorney